# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ANGELICA MARIA DIAZ RIVERO, )
)
)
Petitioner, )
)
v. ) No. CIV-26-160-SLP
)
U.S. DEPARTMENT OF )
HOMELAND SECURITY et al., )
)
Respondent. )

## ORDER TO CURE DEFICIENCIES

The Court is in receipt of Petitioner's tendered documents in the above referenced matter. The documents are deficient in the areas indicated below:

__     Petitioner has not submitted her petition on the proper form.

**X**     Petitioner has not submitted an in forma pauperis motion and/or Petitioner has not paid the $5.00 filing fee.

__     In forma pauperis motion is not on the proper form.

__     Petitioner has not signed the in forma pauperis motion.

__     In forma pauperis motion is missing financial information and/or signature of authorized officer of penal institution.

__     In forma pauperis motion is missing the certified copy of Petitioner's institutional accounts statement from **the appropriate official of each penal institution or jail at which you are or were confined during the six-month period immediately preceding this filing**. 28 U.S.C. § 1915(a)(2).

Additionally, Petitioner states that she is filing the petition on behalf of detainee Ritzabeth Milagros Pineda Alvarado, who is detained at the Diamondback Correctional Facility in Watonga, Oklahoma. S*ee* Doc. 1.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on her own. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; *see also Williams v. Boone*, 1999 WL 34856, at *5 (10th Cir. 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee [herself] could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and "have some significant relationship

2

with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016)  (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

The Court **ORDERS** Petitioner to cure the designated deficiencies and to clarify whether she seeks next friend status to file the petition on detainee Alvarado's behalf **by March 2nd, 2026**. Failure to comply with this Order may result in the dismissal of this action. The Clerk of the Court is directed to send Petitioner the forms necessary to comply with this order.

**SO ORDERED** this 9th day of February, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3